## Albert T. Summers v. Bridget A. Robinson.

1. County Court—*no jurisdiction to entertain foreclosure proceed-ings*. The act which gives to the judge of the County Court authority to issue an order directing the sheriff to seize household goods covered by a chattel mortgage, does not confer jurisdiction upon the County Court to entertain a proceeding to foreclose the same.

Baume, P. J., dissenting.

Foreclosure of chattel mortgage. Error to the County Court of Macon County; the Hon. Orpheus W. Smith, Judge, presiding. Heard in this court at the May term, 1904. Proceedings quashed. Opinion filed October 14, 1904.

LeForgee & Vail, for plaintiff in error.

J. M. Gray, for defendant in error.

Mr. Justice Gest delivered the opinion of the court.

On the 21st of October, 1903, plaintiff in error presented to the county judge of Macon county his affidavit made in pursuance of paragraph 23 of chapter 95 of Revised Statutes relative to foreclosure of chattel mortgages on household goods, etc. Hurd's Statutes, p. 1274. The county judge thereupon made an order directing the sheriff to seize the goods, which order was duly executed on the same day. The chattel mortgage in question appears to have been made by E. M. Jones and Ollie M. Jones, his wife, to said Summers. On October 22 the defendant in error filed in the County Court a paper designated by counsel as an interpleader by her, in which she sets up an execution issued out of the Circuit Court of Macon county of date October 20, 1903, in her favor and against E. M. Jones, and which came to the hands of the sheriff on the same day at one o'clock p. m., and claims a lien on the mortgaged property, superior to the chattel mortgage, and asked that the sheriff be directed to return the property to the mortgagors so that her execution may be levied upon it. Summers moved the court to strike the interpleader from the files for want of jurisdiction in the court, and demurred to it, and again

afterwards filed his answer thereto, and thereupon the court heard proof and granted the prayer of the interpleader, and ordered "that the goods held by the sheriff by virtue of the order of the judge of said County Court under date of October 21, 1903, be surrendered and released for the purpose of satisfying the execution in favor of Bridget A. Robinson, and if any goods remained after satisfying said execution, the sheriff should hold the same until the further order of the court." No process was issued or served upon, or notice given to, the mortgagors, Jones and wife, of these proceedings. The case comes to this court on writ of error, sued out by Summers, mortgagee. The only question discussed by defendant in error is whether the section of the statutes above referred to confers jurisdiction on county courts to foreclose such chattel mortgages. No question is raised or objections made to the procedure by which the case is brought to this court, and it is in substance agreed by counsel that this court shall dispose of the question of jurisdiction in the County Court and of the cause, without regard to the form of process or pleading by which the record of the County Court is here brought and presented. The section of the statute above referred to, so far as pertinent to the inquiry here, is as follows: "That no chattel mortgage on the necessary household goods, wearing apparel or mechanic's tools of any person or family shall be foreclosed except in a court of record. No such household goods, wearing apparel or mechanic's tools, covered by a chattel mortgage, shall be seized or taken out of the possession of the mortgagor before foreclosure, except by a sheriff, and then only after the mortgagee or his agent shall present an affidavit to a judge of any court of record setting forth that the mortgage is due and that he is in danger of losing his security, giving the facts upon which he relies, and shall obtain an order from such judge directing such sheriff to seize such household goods, wearing apparel or mechanic's tools, and hold them subject to the order of court." It is the law, and is so conceded by counsel for appellee, that the County Court is not vested with general equity

powers. The County Court sitting as a court of probate exercises equitable powers, as has been many times determined, but except when sitting in probate it can exercise equitable powers to no greater extent than the Circuit Court can when sitting for the disposition of common-law business, unless such jurisdiction is conferred by the section above quoted. That section does not in terms confer such jurisdiction. There are but two provisions in the section as above quoted. The first is that such mortgages shall only be foreclosed in courts of record; the second is that the mortgaged property shall be taken out of the possession of the mortgagor before foreclosure, only upon the order of a judge of a court of record. There is in every county a court of record, the Circuit Court, vested with general equity powers, and in many counties there are other courts, city courts, vested with such powers. Can it be reasonably argued from the first sentence of the section that merely because the County Court is also a court of record it is therefore vested with the power to entertain a foreclosure proceeding? The foreclosure of chattel mortgages was a frequent subject of chancery jurisdiction before that section was enacted; since it was enacted such procedure is compulsory when the property mortgaged is of the character named. What is and has been the procedure in the foreclosure of mortgages in courts of record? By filing a bill, issuing process and serving the same on the parties interested or otherwise giving notice, followed by pleadings, proof, decree and sale, all under the supervision and control of a court of equity. Mortgagors are entitled to their day in court; even when foreclosure of real estate mortgages is had by *scire facias*, they have that day. Counsel for appellee precisely state the purpose of this statute as follows: " This law was passed for the express purpose of preventing money sharks from seizing and selling the household goods of poor people * * * and thus prevent them from being heard in court, even though they have a good defense to the foreclosure proceedings." In order to accomplish that purpose the act has provided that such

foreclosure shall be in a court of record. Foreclosure proceedings in courts of record at the passage of that act were governed by well-defined and long-established practice, old as the court of equity itself. The legislature took notice of that fact and merely by providing that such foreclosure should be had in courts of record, applied thereto the process, pleadings and procedure of a court of equity as then existing. It is argued that because the county judge is a judge of a court of record, and because in this case the county judge made the order by virtue of which the sheriff took the possession of the property, therefore the County Court is thereby vested with jurisdiction, and the procedure of foreclosure should be in that court. That conclusion does not follow. The County Court is not mentioned in the act. The judge of the County Court may make such an order to the sheriff, but when that order is made his connection with the matter is at an end. He makes such order as the county judge, not as the County Court. There is a vast difference between a judge and a court. This controversy has arisen out of the "interpleader" of the appellee. We know of no authority given to the County Court to entertain it. The appellant appeared, on his own motion, and objected to the jurisdiction of the court to entertain it. If the appellant had not appeared, by what process would the court have brought him in? Or would the court proceed without him? The owners of the property, the mortgagors, were not before the court at all. By what process would the court bring them in? They have had no day in court. Their rights have been wholly ignored. They possibly have paid both mortgage and judgment debts, or have other complete defense thereto.

The court has ordered that the sheriff sell the property on the execution in his hands in favor of the appellee, and apply the proceeds in payment thereof and bring the balance, if any, into court, and that without any opportunity to the mortgagors to make any defense. Such procedure is worse even than the old practice of robbery by the mortgagee, referred to by appellee's counsel. The statute evidently

contemplated the filing of a bill in equity by the mortgagee in a court having general equity powers and procedure therein as in other cases of equitable jurisdiction. The mortgagors are necessary parties thereto; execution creditors are proper parties thereto; the court will ascertain and adjudge the rights of all the parties, and dispose of the cause in accordance with the established practice in courts of equity. No reason is perceived why the mortgagee, appellant here, should not have proceeded immediately upon his obtaining the order of the county judge, by filing his bill in the Circuit Court against the mortgagors and the appellee. The Circuit Court had power to determine and protect the rights of all parties notwithstanding the proceedings in the County Court. Such proceedings were wholly without authority of law and under the form of submission of this cause to us will be and are quashed.

*Proceedings quashed.*

Mr. Presiding Justice BAUME, dissenting.